NOT DESIGNATED FOR PUBLICATION

No. 118,435

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM E. PALMGREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed April 27, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  William Palmgren appeals the district court's decision to revoke his probation and impose his original underlying prison sentence. We granted Palmgren's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not respond to this motion. After review, we affirm the district court.

Palmgren pled no contest to a single count of possession of methamphetamine, a severity level 5 drug felony. On May 26, 2016, the district court imposed the presumptive aggravated sentence of 42 months in prison, but it granted Palmgren a dispositional departure to probation from this sentence for a period of 12 months.

1

Just three months later, on August 30, 2016, Palmgren stipulated to violating his probation by failing to report to his probation officer and by failing to pay court costs. As a result, the district court imposed a three-day jail sanction. On January 27, 2017, Palmgren again stipulated to violating his probation, which included, among other things, allegations that he had failed drug tests, had failed to complete a substance abuse evaluation, and had failed to report. The district court imposed a 120-day prison sanction and extended his probation for 12 months. On April 25, 2017, Palmgren stipulated to violating his probation a third time; yet, instead of revoking his probation, the district court merely imposed a 30-day jail sanction and ordered Palmgren to enroll in outpatient drug treatment.

On August 18, 2017, Palmgren once again stipulated to violating his probation by, among other allegations, failing to attend drug treatment, failing and not submitting to drug tests, and failing to report. Palmgren asked that he be given only a sanction or, in the alternative, that a reduced prison sentence be imposed. The district court declined, citing the numerous breaks it had given to Palmgren including a dispositional departure to probation, only imposing a sanction after his third probation violation, and numerous opportunities to address his drug issues. The district court revoked Palmgren's probation and imposed his original underlying prison sentence of 42 months.

On appeal, Palmgren argues the district court abused its discretion by revoking his probation and by imposing the original underlying prison sentence. He further complains that the district court failed to reduce his prison sentence. A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Palmgren bears the burden to show an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The decision to revoke probation is within the discretion of the district court once a violation has been established. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). This discretion is limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. Once probation is revoked, the district court may impose a lesser sentence or the original sentence. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Here, because Palmgren admitted to violating the conditions of his probation and had previously received the required intermediate sanctions, the district court had the discretion to revoke his probation. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). Palmgren fails to make a showing that *no* reasonable person would have taken the view of the district court; therefore, the district court did not abuse its discretion by revoking his probation and imposing his original underlying prison sentence.

Affirmed.